UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFERY BOWMAN, JAMES ARNOLD, JUSTIN DESPOT, MICHAEL WEBSTER, & DANIEL FAGAN, on behalf of themselves and all other similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> NEW VISION TELECOMMUNICATIONS, INCORPORATED; NVT GEORGIA INC.; FRANKLIN GLASPIE; JERRY WILKINS; and ERIC L. SAWYER, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 3:09-1115 ) JUDGE ECHOLS ) ) ) ) ) ) ) |

## ORDER

For the reasons explained in the Memorandum entered contemporaneously herewith, the Court rules as follows:

(1) Plaintiffs' Motion for Preliminary Injunction (Docket Entry No. 10) is hereby GRANTED.

(2) Pursuant to Federal Rule of Civil Procedure 65(d)(1), and until further Order of this Court, Defendants New Vision Telecommunications, Incorporated, NVT Georgia Inc., Franklin Glaspie, Jerry Wilkins, and Eric L. Sawyer are hereby preliminarily enjoined, restrained, and prohibited as follows:

> Defendants shall not retaliate or discriminate in any form or manner against Plaintiffs Jeffery Bowman, James Arnold, Justin Despot, Michael Webster, Daniel Fagan, and any other similarly situated employees for their involvement with or participation in this action or any other pursuit of claims under the FLSA;

1

(3)  Pursuant to Federal Rule of Civil Procedure 65(d)(1), and until further Order of this Court, Defendants are hereby further ORDERED as follows:

(a)  to reinstate Plaintiffs Jeffery Bowman, James Arnold, Justin Despot, Michael Webster, and Daniel Fagan to the employment positions they held prior to November 20, 2009, when their FLSA lawsuit was filed in federal court. Such reinstatement shall include restoration of Plaintiffs to their respective positions as technicians at the same rate of pay and benefits, to include specifically priority job assignments based upon seniority, technician's skills, and economic benefit for the work; however, Plaintiffs shall remain subject, to the same extent as all other employees, to the fair and equal application of any written employee policies adopted by the Defendants on or before November 20, 2009;

(b) to reinstate Plaintiff Daniel Fagan to his morning warehouse position distributing supplies and equipment to technicians for their daily job assignments at the same rate of pay he earned prior to November 20, 2009;

(c) to reinstate Plaintiff Michael Webster to his position as lead technician at the same rate of pay he earned prior to November 20, 2009;

(d) to leave posted on the Defendants' premises the 24" x 36" notice as ordered by the Court in the modified TRO;

(4) Pursuant to Federal Rule of Civil Procedure 65(d)(2), this preliminary injunction binds the following who receive actual notice of it by personal service or otherwise:  all parties; all officers, agents, servants, employees, and attorneys of the parties; and other persons who are in active concert or participation with any person just described;

(5) Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs will file with the Clerk a surety bond in the amount of $2,500.00, in such form as is acceptable to the Clerk.  Said bond must be filed no later than December 18, 2009;

(6) This Order will remain in effect during the pendency of this action and until further Order of this Court unless Plaintiffs fail to file the surety bond as required in paragraph (5) above;

(7) Defendants' Motion To Extend The Date To Hear Plaintiffs' Motion For Preliminary Injunction (Docket Entry No. 17) is hereby GRANTED IN PART and DENIED IN PART; and

(8) At the hearing on the Preliminary Injunction on December 10, 2009, the Court conditionally received Defendants' Exhibit 3, subject to further examination. Having now examined Exhibit 3, the Court finds as follows:

(a) The first nine (9) pages of Exhibit 3, a criminal background check of Plaintiff Arnold, are admitted into evidence;
(b) The next two (2) pages, an email from Kenneth Surface dated January 23, 2009, are marked for identification only;
(c) The next six (6) pages, a criminal background check of Plaintiff Bowman, are admitted into evidence;
(d) The last six (6) pages concern Plaintiff Fagan, of which the first four (4) pages are admitted into evidence and the last two (2) pages of the Exhibit are marked for identification only.

(9) The case is hereby returned to the Magistrate Judge for customized case management under Local Rule 16.01.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

12/14/09 @ 3:30 pm.

3