```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

JEFFERY BOWMAN, et al.,         )
                                )
        Plaintiffs,             )
                                )
    v.                          )   NO.  3:09-1115
                                )   Judge Echols/Brown
NEW VISION TELECOMMUNICATIONS,  )   **Jury Demand**
INCORPORATED, et al.,           )
                                )
        Defendants.             )

## O R D E R

A telephone conference was held with the parties in this matter on July 29, 2010. Defendants' counsel advised that some new issues had arisen in the bankruptcy proceedings of the defendant New Vision Incorporated. That company is in bankruptcy, Petition No. 3:10-BK-00977-KL3. In that matter the individual defendants in this case have now been replaced as debtors in possession by a trustee, Mr. Michael Gigandet. The Clerk is directed to enter Mr. Gigandet as an interested party in this matter, along with the bankruptcy attorney for New Vision Incorporated, Mr. Thomas Larry Edmondson, Sr.

There is an automatic stay for the proceedings in this Court insofar as it effects New Vision Incorporated.

It was the Magistrate Judge's understanding that back in May there was an agreement as to the entry of the notice to the prospective class in this matter and Judge Echols, based on that representation, entered an order on June 1, 2010 (Docket Entry No. 102). Following entry of that order on June 11, the individual defendants filed a motion to clarify the order that they had agreed to. That matter has now been referred to the undersigned for a

report and recommendation (Docket Entry No. 106).  As the Magistrate Judge understands it the request for clarification is limited to paragraph 3 of the order which states "Defendants shall be required to post the notice and consent form at their workplace. Defendants shall also include a copy of the notice and consent form in the employees next paycheck."  Counsel for the individual defendants has advised that the individual defendants can in fact produce the list in electronic form of the last known contact information for various employees as set forth in paragraph 2. There is absolutely no reason that this has not already been done and it should be done forthwith.

The Magistrate Judge is concerned that as mentioned in tplaintiff's response (Docket Entry No. 104) the defendants are attempting to drag this matter out and allow the statute of limitations to limit the claims against them.  As the Magistrate Judge stated during the telephone conference, he is very likely to recommend that the statute of limitations be tolled at least from the first of June until the notice actually goes out.

Plaintiffs' counsel also advised that an earlier notice stating that there will be no retaliation, which was ordered posted by Judge Echols, has been removed by the individual defendants. Their counsel stated that he was unaware of this.  The Magistrate Judge would be very concerned if a court-ordered notice was removed by the individual defendants without permission of the Court.

In order to sort this out and to ensure that there is no violation of the automatic stay, a further hearing is set in this matter on **Wednesday, August 4, 2010, at 1:30 p.m.**  The parties should call the Magistrate Judge's "Meet-me" conference call number

2

of 615/695-2851 to participate.

Mr. Gigandet is requested to participate in this call and to express any concern that he may have about the notice order that has been entered in this matter.

It is so **ORDERED**.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3

Case 3:09-cv-01115   Document 107   Filed 07/30/10   Page 3 of 3 PageID #: 963